UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
(Chicago Division)

| | | |
|---|---|---|
| ASLI BAZ | * | |
|    Petitioner, | * | |
| | | Civil No.: 1:23-cv-05017 |
| v. | * | |
| ANTHONY PATTERSON | * | |
|    Respondent. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

**RETURN ORDER**

**The Convention on the Civil Aspects of International Child Abduction, done at The Hague on October 25, 1980; International Child Abduction Remedies Act, 22 U.S.C. 9001 *et seq*.**

This Return Order is made pursuant to the 1980 Convention on the Civil Aspects of International Child Abduction (the "Hague Convention") and the International Child Abduction Remedies Act ("ICARA"), 22 U.S.C. 9001 et seq. In accordance with this Court's Memorandum Opinion and Order (Doc. No. 91), it is hereby:

    1.    **ORDERED**, that in accordance with this Court's Memorandum Opinion and Order (Doc. No. 91), the minor child A.P. (born in 2017) (the "child") shall be returned to Germany with the Petitioner, Asli Baz (the "Mother"), departing on December 23, 2023 from Illinois; and it is further

    2.    **ORDERED**, that the child shall travel to Germany with the Mother on December 23, 2023 from Chicago O'Hare International Airport to Frankfurt Airport in Germany; and it is further

    3.    **ORDERED**, that the Mother shall provide the Father with a copy of the child's travel itinerary, including the flight numbers and times, promptly upon obtaining airline tickets for

the child's December 23, 2023 travel to Germany and shall file a status report providing the same to this Court promptly upon obtaining the tickets; and it is further

    4.    **ORDERED**, that the Father shall deliver the child to the Mother on December 23, 2023 at Chicago O'Hare International Airport four (4) hours before the child's departure time at the check in area for the airline on which the child shall be travelling with the Mother; and it is further

    5.    **ORDERED**, that in accordance with 22 U.S.C. 9004, the parties are hereby prohibited from removing A.P. or causing A.P. to be removed from the Northern District of Illinois before A.P.'s departure from Illinois for Germany; and it is further

    6.    **ORDERED**, that the Mother shall file a notice in this Court promptly upon A.P.'s return to Germany to confirm to this Court that A.P. has been returned to Germany; and it is further

    7.    **ORDERED**, that if the Father does not deliver the child to the Mother on December 23, 2023 in accordance with Paragraph 4 of this Return Order, or if he interferes or causes or allows others to interfere with or otherwise prevent the Mother from returning the child to Germany in accordance with this Return Order, any peace officer in the State of Illinois, or any federal officer, is hereby commanded to assist the Mother to pick up the child in the United States, and to allow the Mother to return the child to Germany, giving the Mother the right without interference to have A.P. in her lawful custody for the purposes described herein; and it is further

    8.    **ORDERED**, that if the Father does not deliver the child to the Mother on December 23, 2023 in accordance with Paragraph 4 of this Return Order, or if he interferes or causes or allows others to interfere with or otherwise prevent the Mother from returning the child to Germany in accordance with this Return Order, the Court may issue a warrant for the arrest of the Father and appearance for a contempt hearing; and it is further

9. **ORDERED**, does not deliver the child to the Mother on December 23, 2023 in accordance with Paragraph 4 of this Return Order, or if he interferes or causes or allows others to interfere with or otherwise prevent the Mother from returning the child to Germany in accordance with this Return Order, the United States Marshal shall enter the name of A.P., born in 2017, into the national police computer system (N.C.I.C.) missing children's section forthwith upon request of the Mother through her counsel of record in this matter; and it is further

10. **ORDERED**, that the child's United States passport shall continue to be held by the Clerk of this Court until January 2, 2024; thereafter, the child's United States passport may be released to the Father; and it is further

11. **ORDERED**, that this Return Order is not a determination of the merits of any custody issues within the meaning of Article 19 of the Hague Convention; and it is further

12. **ORDERED**, that this Return Order is made under the authority of 22 U.S.C. 9003(a), conferring original jurisdiction upon this Court, and under the authority of Article 12 of the 1980 Hague Convention.

Dated this 14th day of December, 2023.

_____
Jorge L. Alonso
District Judge
United States District Court for the
  Northern District of Illinois